Martin E. Rosen (108998), mrosen@barwol.com
Jennifer N. Lee (230727), jlee@barwol.com
BARGER & WOLEN LLP
633 West Fifth Street, 47th Floor
Los Angeles, California 90071
Telephone: (213) 680-2800
Facsimile: (213) 614-7399

Attorneys for Defendants
CANADA LIFE ASSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDELIA SUAREZ,<br><br>   Plaintiff,<br><br>   vs.<br><br>CANADA LIFE ASSURANCE COMPANY; TOWNSEND AND TOWNSEND AND CREW LLP GROUP LONG TERM DISABILITY PLAN,<br><br>   Defendants. | CASE NO.: CV08-1102 MMC<br><br>Hon. Maxine M. Chesney<br><br>**DEFENDANT CANADA LIFE ASSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: February 25, 2008 |

I:\office\10564\002\08Pleadings\ans to cmplnt (final).doc

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO.: CV08-1102 MMC

1   Defendant Canada Life Assurance Company ("Canada Life" or "Defendant") answers the
2   Complaint filed by Plaintiff Fidelia Suarez ("Plaintiff's Complaint") as follows[1]:
3       1.   Answering paragraph 1 of Plaintiff's Complaint, Defendant admits the allegation that
4   this Court's jurisdiction is invoked by 28 U.S.C. §§ 1331 and 29 U.S.C. § 1132(a), (e), (f) and (g),
5   of the Employee Retirement Income Security Act of 1974, 29 U.S.C § 1101, *et seq.* Defendant
6   lacks sufficient information or belief to admit or deny each and every other allegation of paragraph
7   1 and on that basis denies them.
8       2.   Answering paragraph 2, Defendant lacks sufficient information or belief to admit or
9   deny all the allegations of paragraph 2 and on that basis denies them.
10      3.   Answering paragraph 3, Defendant admits the allegation that the ERISA statute at 29
11  U.S.C. § 1133 provides a mechanism for internal appeal of benefit denials. Defendant further
12  admits that Plaintiff has exhausted her appeal of benefit denials.
13      4.   Answering paragraph 4, Defendant admits the allegation that Townsend and
14  Townsend and Crew LLP's Group Long Term Disability Plan is an employee welfare benefit plan
15  established and maintained by Townsend and Townsend and Crew LLP, which is the Plan
16  Administrator. Defendant lacks sufficient information or belief to admit or deny each and every
17  other allegation of paragraph 4 and on that basis denies them.
18      5.   Answering paragraph 5, Defendant admits the allegation that it is, and at all relevant
19  times was, authorized to transact and transacting the business of insurance in this state. Defendant
20  denies that it is, and at all relevant times was, the claims administrator. Defendant denies each and
21  every other allegation of paragraph 5 on grounds that Defendant lacks sufficient information or
22  belief to admit or deny them.
23      6.   Answering paragraph 6, Defendant lacks sufficient information or belief to admit or
24  deny all the allegations of paragraph 6 and on that basis denies them.

---

[1] In 2004, Jefferson Pilot Financial Insurance Company purchased a block of business from Canada Life Assurance Company, including the Policy at issue in this litigation, and became the claims administrator and 100% reinsurer of the Policy. For ease of reference, this answer will continue to refer to the acting defendant as Canada Life.

-2-
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO.: CV08-1102 MMC

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

7. Answering paragraph 7, Defendant admits the allegation that Canada Life issued Group Long Term Disability Income Policy number 38504 to the Townsend law firm to insure the Townsend law firm's Plan, and the eligible participants and beneficiaries of the Plan. Defendant denies each and every other allegation of paragraph 7, including those set forth in footnote nos. 1 and 2 to paragraph 7.

8. Answering paragraph 8, Defendant responds that the terms of the Plan are writings which speak for themselves, and not otherwise, and except as so admitting, Defendant denies each and every other allegation of paragraph 8.

9. Answering paragraph 9, Defendant admits that Plaintiff's occupation was indicated as being a secretary on Plaintiff's claim form. Defendant lacks sufficient information or belief to admit or deny each and every other allegation of paragraph 9 and on that basis denies them.

10. Answering paragraph 10, Defendant admits that Plaintiff submitted a claim. Defendant lacks sufficient information or belief to admit or deny each and every other allegation of paragraph 10 and on that basis denies them.

11. Answering paragraph 11, Defendant responds that the referenced correspondence is a writing which speaks for itself, and not otherwise, and except as so admitting, Defendant denies each and every other allegation of paragraph 11.

12. Answering paragraph 12, Defendant admits that benefits were paid to Plaintiff on Defendant's behalf until on or about March 30, 2006. Defendant denies each and every other allegation of paragraph 12.

13. Answering paragraph 13, Defendant admits that a letter dated November 30, 2006 was sent to Plaintiff regarding her appeal on her disability claim. Defendant denies each and every other allegation of paragraph 13.

14. Answering paragraph 14, Defendant responds that the Plaintiff's written appeal submitted on or about March 13, 2007 is a writing which speaks for itself, and not otherwise, and except as so admitting, Defendant denies each and every other allegation of paragraph 14.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-3-
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO.: CV08-1102 MMC

15. Answering paragraph 15, Defendant responds that Plaintiff's Employability Analysis completed on or about March 2, 2007 is a writing which speaks for itself, and not otherwise, and except as so admitting, Defendant denies each and every other allegation of paragraph 15.

16. Answering paragraph 16, Defendant admits that Plaintiff was sent a letter dated June 15, 2007 regarding her claim, and that said letter is a writing which speaks for itself, and not otherwise, and except as so admitting, Defendant denies each any every other allegation of paragraph 16.

17. Answering paragraph 17, Defendant denies all allegations of paragraph 17.

18. Answering paragraph 18, Defendant denies all allegations of paragraph 18.

19. Answering paragraph 19, Defendant denies all allegations of paragraph 19.

20. Answering paragraph 20, Defendant denies all allegations of paragraph 20.

21. Answering paragraph 21, Defendant admits that a controversy exists, but Defendants denies each and every other allegation of paragraph 21.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State Facts)**

22. As a first, separate defense to all claims alleged in the Complaint, the Complaint fails to state sufficient facts upon which a claim for relief could be based.

### SECOND AFFIRMATIVE DEFENSE

**(Failure to Perform)**

23. As a second, separate defense to all claims alleged in the Complaint, Defendant alleges that Plaintiff failed to meet or perform all necessary covenants, conditions, and promises required to be performed in accordance with the terms and conditions of the subject policy.

-4-
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO.: CV08-1102 MMC

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

### THIRD AFFIRMATIVE DEFENSE

#### (Full and Complete Performance)

24. As a third, separate defense to all claims alleged in the Complaint, Defendant alleges that it or its successor-in-interest have performed any and all contractual, statutory and other duties owed to Plaintiff, if any, and therefore Plaintiff is barred from asserting any claim against Defendant.

### FOURTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

25. As a fourth, separate defense to all claims alleged in the Complaint, Defendant is informed and believes, and on that basis alleges, that at all times relevant, Plaintiff has failed, neglected and refused to mitigate damages, if any, thus barring, or at least reducing, any recovery to which Plaintiff might be entitled in this lawsuit.

### FIFTH AFFIRMATIVE DEFENSE

#### (Waiver)

26. As a fifth, separate defense to all claims alleged in the Complaint, Plaintiff has waived her right, if any, to seek the relief requested in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

#### (Reservation of Defenses)

27. Defendant reserves its right to raise additional affirmative defenses and to supplement those asserted herein upon discovery and further information regarding the claims and upon further investigation.

-5-
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO.: CV08-1102 MMC

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

## SEVENTH AFFIRMATIVE DEFENSE

### (Benefits Limited by Policy Provisions)

28. Plaintiff's recovery, if any, is limited by the terms and conditions of the Policy, including exclusions to and limitations on coverage.

## EIGHTH AFFIRMATIVE DEFENSE

### (Offset For Any Recovery)

29. Pursuant to the terms of the Policy, any recovery of benefits Plaintiff receives in this action is subject to an offset based on receipt of Social Security or any other income benefits as set out in the Policy.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by reason of the Complaint and that the same be dismissed;
2. For entry of judgment in favor of Defendant against Plaintiff;
3. For costs of suit incurred herein, including such reasonable attorneys' fees as may be allowed by case or statutory authority and/or agreement of the parties; and
4. For such other relief as this Court may deem just and proper.

Dated: April 18, 2008                     BARGER & WOLEN LLP


                                          By: /s/ Jennifer N. Lee
                                              MARTIN E. ROSEN
                                              JENNIFER N. LEE
                                              Attorneys for Defendant CANADA LIFE
                                              INSURANCE COMPANY

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-6-
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO.: CV08-1102 MMC